IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH LAMAR, )
)
            Plaintiff, )
)
v. )   No. 05 C 817
)
EXPERIAN INFORMATION SYSTEMS, )
)
            Defendant. )

## MEMORANDUM OPINION AND ORDER

Counsel for Experian Information Solutions, Inc. ("Experian," sued here as "Experian Information Systems") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint filed against it by Kenneth Lamar ("Lamar"), charging it with violations of the Fair Credit Reporting Act ("Act").[1] Experian's responsive pleading contains more than one of the all-too-common pleading sins that ultimately triggered this Court's inclusion of an Appendix as part of its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)--an action taken in large part to eliminate the repeated need for this Court's secretary to transcribe its frequent addressing of those sins. This memorandum opinion and order is therefore issued sua sponte to require the correction of those errors.

---

[1] Further citation of any provision of the Act, which is codified as part of Title 15 of the United States Code, will take the form "Section --," referring to the section numbering within Title 15 rather than to the internal section numbering of the Act.

To begin with, each of Answer ¶¶2, 18 and 21 impermissibly declines to respond to certain of Lamar's allegations on the ground that they assertedly contain legal conclusions. That position does not of course comply with Experian's obligations under the first sentence of Fed. R. Civ. P. ("Rule") 8(a)(see App. ¶2 to State Farm). Indeed, with respect to Answer ¶2's nonresponse to Lamar's jurisdictional allegation, see Form 21 in the Appendix of Forms that Rule 84 expressly endorses. As to Answer ¶21, it is sheer nonsense for Experian to do anything other than admit Lamar's having demanded a trial by jury on all issues so triable. Answer ¶¶2, 18 and 21 are stricken.

Next, although Experian's counsel properly tracks the type of disclaimer that is required to get the benefit of a deemed denial under the second sentence of Rule 8(b)(see App. ¶1 to State Farm), all of Answer ¶¶3, 7-10, 12, 13 and 17 go on to state that Experian "on that basis, denies, generally and specifically, each and every allegation in this paragraph." That locution is of course an oxymoron: If Experian does indeed lack sufficient information to form a belief as to the truth of an allegation, it plainly has no basis for <u>denying</u> that allegation. Each of those portions of the Answer is also stricken.

Finally, virtually all of Experian's asserted ADs are problematic in terms of the standards prescribed by Rule 8(c) and the caselaw applying it--see also App. ¶5 to State Farm. Here

2

are the problems:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, must be stricken. To the extent that it appears to challenge the absence of factual allegations, it is at odds with the notice pleading regime that applies in the federal courts, and to the extent that it fails to accept Lamar's allegations as gospel (the necessary stance for an AD), it is simply wrong.

2. AD 2 is likewise stricken because it is inconsistent with Lamar's allegation that Experian has disseminated "inaccurate information," as that term has been defined in Complaint ¶5 and has been repeated in numerous later allegations of the Complaint.

3. ADs 3, 4, 5, 9, 10 and 11 are inadequate because each of them fails to provide sufficient information to Lamar as to the basis for Experian's various contentions set out there--even under the undemanding requirements of notice pleading.

4. ADs 6 and 7 likewise require an explanation by Experian as to the basis on which it can be said that Lamar's claimed damages were a self-inflicted wound.

5. AD 8 simply cannot be understood, given the two-year statute of limitations set out in Section 1681p and the Complaint's allegations as to Experian's claimed misconduct

3

well within that time frame. It too is stricken.

6. AD 12 essentially asks for the issuance of a blank check. If, as and when Experian may hereafter believe that any further grounds for advancement of new ADs have developed, it may seek to tender those. In the meantime, AD 12 is also stricken.

To avoid the need for reference to multiple pleadings, Experian's present Answer and ADs will be stricken in their entirety. Leave is granted to file a self-contained Amended Answer (including any ADs that may be advanced in accordance with the principles set forth here) in this Court's chambers (with a copy being transmitted contemporaneously to Lamar's counsel) on or before March 18, 2005.

No charge is to be made to Experian by its counsel for the added work and expense incurred in correcting counsel's errors. Experian's counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 3, 2005

4