**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH LAMAR,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SYSTEMS,<br><br>    Defendant. | Civil Action No.  05C 0817<br><br>Honorable Judge Shadur<br><br>Magistrate Judge Ashman |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Discovery having now closed, Plaintiff Kenneth Lamar can offer no evidence to prove essential elements of the causes of action asserted in his Complaint.  Specifically, Plaintiff's lawsuit is fatally flawed in four key respects, any of which independently mandates the entry of summary judgment for Experian Information Solutions, Inc. ("Experian").  First, Experian's reporting procedures satisfied the mandates of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").  Second, after Plaintiff first notified Experian that he disputed an account on his credit report, Experian promptly followed reasonable procedures for policing the accuracy of its credit reports by reinvestigating the disputed account.

Were the Court to depart from numerous other decisions in this judicial district and nonetheless find a genuine issue of material fact as to Experian's reporting and reinvestigation procedures, summary judgment for Experian would still be warranted.  The third fatal flaw with Plaintiff's lawsuit is that he seeks unproven damages that are not recoverable under the FCRA.  Plaintiff concedes that he was never actually denied credit, and his vague allegations of

emotional distress do not justify an award of damages.  The final fatal flaw is that Plaintiff is unable to adduce any evidence that establishes that Experian's reporting of the disputed account actually caused Plaintiff's alleged damages.

## FACTUAL BACKGROUND

This case centers on one account —IC System Inc. account #4235914022 ("IC System Account") — that appeared on Plaintiff's Experian credit file.  (56.1 ¶ 12.)[1]  Plaintiff notified Experian that the IC System Account "was not mine" on September 21, 2004.  (56.1 ¶ 15.)  After receiving Plaintiff's dispute, Experian contacted IC System via an Automated Consumer Dispute Verification ("ACDV") form.  (56.1 ¶ 18.)  IC System verified that the IC System Account belonged to an individual named "kenneth lamar" with an address of "32 stetson st, fall river, MA 02720."  (56.1 ¶ 21.)  In addition to a perfect name match, the address provided by IC System in its ACDV response was identical to the address reported to Experian by Nelnet Lns for Plaintiff in four (4) separate tradelines: account numbers 32280234903, 32280234904, 32280234905 and 32280234906 (collectively, the "Nelnet Accounts").   (56.1 ¶¶ 22-23.)  After it received the ACDV response from IC System, Experian modified Plaintiff's Experian credit file accordingly to reflect the changes indicated by IC System.  (56.1 ¶ 32.)

On October 28, 2004, Experian received a telephone call purportedly from Plaintiff. (56.1 ¶ 34.)  Plaintiff testified that he told Experian that the IC System Account "was not mine" and that Experian "needed to take it off my credit report" during the October 28, 2004 telephone call.  (56.1 ¶ 35.)  Plaintiff admits that his October 28, 2004 dispute provided Experian with no additional information concerning his dispute of the IC System Account that was not already provided to Experian in his September 21, 2004 dispute of the IC System Account.  (56.1 ¶¶ 36-

---

[1] "56.1 ¶ __" refers to Experian Information Solutions, Inc.'s Rule 56.1(A)(3) Statement of Material Facts in Support of Its Motion for Summary Judgment, which statement and Appendix of Exhibits Experian incorporates by reference.

37.) Plaintiff never requested that a consumer dispute statement regarding the IC System Account be added to his personal credit file. (56.1 ¶ 39.) On March 30, 2005, Experian deleted the IC System Account from Plaintiff's Experian credit file. (56.1 ¶ 40.)

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, where there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citation omitted).

With respect to Plaintiff's claims, the FCRA provides:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). Accordingly, to avoid summary judgment for his claims, Plaintiff must raise a genuine issue of material fact as to each of four elements: (1) that there was inaccurate information in his consumer credit report; (2) that the inaccuracy was due to Experian's failure to follow reasonable procedures to assure accuracy; (3) that he suffered actual damages; and (4) that those damages were caused by the inaccuracy. *Lee v. Experian Info. Solutions,* No. 02 C 8424, 2003 U.S. Dist. LEXIS 17420, *7 (N.D. Ill. Oct. 1, 2003) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)) (attached as Ex. 9).

**ARGUMENT**

Experian is entitled to summary judgment because Plaintiff cannot adduce any facts that might establish that Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report.  Specifically, Plaintiff cannot point to any facts that might show that (1) Experian failed to follow reasonable procedures; (2) he suffered actual, recoverable damages; and (3) any damages were caused by Experian's reporting of the IC System Account.

**I.      Experian's Procedures Were Reasonable As A Matter Of Law.**

Experian followed reasonable procedures to assure maximum accuracy in Plaintiff's consumer report.  The law requires only that Experian's procedures be reasonable and recognizes that complete accuracy is impossible.  *Lee*, 2003 U.S. Dist. LEXIS 17420 at *9.  While the question of reasonable procedures is often a jury question, the Court may determine that Experian's procedures are reasonable as a matter of law.  *Id.*; *see also Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972-73 (7th Cir. 2004) (granting summary judgment where credit reporting agency's procedures were reasonable as a matter of law); *Benson v. Trans Union, LLC*, No. 04C 3860, 2005 U.S. Dist. LEXIS 18505, *15-16 (N.D. Ill. Aug. 25, 2005) (same) (attached as Ex. 10); *Ruffin-Thompkins v. Experian Info. Sys., Inc.*, No. 03 C 683, 2003 U.S. Dist. LEXIS 23647, *9 (N.D. Ill. Dec. 31, 2003), *aff'd on other grounds*, 422 F.3d 603 (7th Cir. 2005), (same) (attached as Ex. 11).

**A.      Experian's Reporting Procedure Is Reasonable As A Matter Of Law.**

Credit reporting agencies generally are not liable, as a matter of law, for reporting inaccurate information unless the agency has prior notice from the consumer that the information might be inaccurate.  *Ruffin-Thompkins v. Experian Info. Sys., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005); *Sarver v. Experian Info. Solutions, Inc.*, 299 F. Supp. 2d 875 (N.D. Ill. 2004) (stating that

"Experian could only potentially be liable for injury occurring after that date [that it received notice]"). Indeed, the Seventh Circuit has found that Experian's normal procedures for processing consumer credit information are reasonable as a matter of law. *Sarver*, 390 F.3d at 972; *see also Benson*, 2005 U.S. Dist. LEXIS 18505 at *15-16 (applying *Sarver* standard to another credit reporting agency).

Experian has extensive procedures for assuring the maximum possible accuracy of reported credit information. As a conduit of credit information, Experian does not originate or create any credit information and does not decide who should receive credit. (56.1 ¶¶ 5-6.) Instead, Experian gathers credit information originated by others and makes that information available to parties engaged in credit-related transactions. (56.1 ¶ 5.) That credit information originates from 40,000 sources and includes 200 million names and addresses for 2.6 billion different tradelines. (56.1 ¶¶ 7-8.) Each day, Experian processes over 50 million updates to consumers' trade information. (56.1 ¶ 9.) Experian then subjects the credit information to numerous, rigorous quality control and statutory compliance procedures. (56.1 ¶¶ 10-11.) Because of the vast scale on which these procedures are conducted, Experian cannot be liable under § 1681e(b) for reporting inaccurate information concerning a line of credit where that information "is received from a source that it reasonably believes is reputable." *Sarver*, 390 F.3d at 972. Here, IC System is a reputable source of consumer credit information, and Experian had no reason to doubt the accuracy of the IC System Account prior to September 21, 2004. (56.1 ¶¶ 16-17.) Thus, Experian's procedures are reasonable as a "matter of law." *Sarver*, 390 F.3d at 972; *Benson*, 2005 U.S. Dist. LEXIS 18505 at *17. Because Plaintiff cannot create any genuine issue of material fact concerning Experian's standard reporting procedures for the IC System Account, summary judgment for Experian is proper on Plaintiff's § 1681e(b) claim.

### B.     Experian's Reinvestigation of the IC System Account was Reasonable as a Matter of Law.

After receiving notice from a consumer, the FCRA requires credit reporting agencies to reinvestigate information that is disputed by a consumer and delete inaccurate or unverifiable information.  15 U.S.C. § 1681i(a).  A credit reporting agency complies with the reinvestigation requirements of the FCRA by reinvestigating disputed information with the source of the information to verify that it is accurate.  *Boothe v. TRW Credit Data*, 768 F. Supp. 434, 438 (S.D.N.Y. 1991).  One mechanism of investigating that courts have recognized as fulfilling a credit reporting agency's obligation under § 1681i(a) as a matter of law is issuing a consumer dispute verification form ("CDV"). *Lee*, 2003 U.S. Dist. LEXIS 17420 at *19; *Ruffin-Thompkins*, 2003 U.S. Dist. LEXIS 23647 at *20; *Benson*, 2005 U.S. Dist. LEXIS 18505 at *21; *Dickens v. Trans Union Corp.*, No. 00-5605, 2001 WL 1006259, *4 (6th Cir. Aug. 23, 2001) (attached as Ex. 12); *Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1032-35 (S.D.N.Y. 1996); *Boothe*, 768 F. Supp. at 435, 438.  When Experian completes its CDV process by making any indicated changes from the creditor's CDV response, its investigation procedures are "statutorily sufficient" (*Lee*, 2003 U.S. Dist. LEXIS 17420 at *19) and reasonable "as a matter of law." *Benson*, 2005 U.S. Dist. LEXIS 18505 at *21.

Here, Experian conducted all reinvestigations required by the FCRA.  After receiving Plaintiff's dispute, Experian sent an ACDV[2] to IC System, the source of the asserted error.  (56.1 ¶ 18.)  On October 18, 2004, Experian received an ACDV response from IC System, which verified that the IC System Account belonged to an individual named Kenneth Lamar with an address of "32 stetson st, fall river, MA 02720."  (56.1 ¶¶ 20-21.)  Obviously, the name provided by IC System matched Plaintiff's.  (56.1 ¶ 22.)  In addition, the address provided by IC System

---

[2] An ACDV is simply an automated or computer-generated version of the CDV.  In all other respects, they are identical.  (56.1 ¶ 19.)

was *identical* to the address provided by Nelnet in the four separate Nelnet Accounts.  (56.1 ¶ 23.)  Not only has Plaintiff never disputed the accuracy of the Nelnet Accounts with Experian, Plaintiff admits that the Nelnet Accounts were being accurately reported by Experian.  (56.1 ¶¶ 24-25.)  Moreover, Experian had no reason to doubt the accuracy of the Nelnet Accounts because Nelnet is considered a reputable source of consumer credit information.  (56.1 ¶¶ 26-27.)  Finally, as of October 18, 2004 — the date on which Experian received the ACDV response from IC System — Plaintiff had not disputed the 32 Stetson Street address with Experian.  (56.1 ¶ 28.)

In Experian's experience, it is common for credit information to be reported for the same consumer at two different addresses at the same time.  (56.1 ¶ 29.)  Moreover, Experian can never truly know where consumers actually reside.  (56.1 ¶ 30.)  Thus, it was reasonable for Experian to match the IC System Account to Plaintiff's credit file because the name and address on the IC System Account matched the same on the Nelnet Accounts — from a source deemed reputable and not disputed by Plaintiff — which also correctly reported Plaintiff's social security number.  (56.1 ¶ 31.)  Accordingly, when Experian modified Plaintiff's credit file to reflect changes indicated by IC System's ACDV response, its procedures for policing the accuracy of consumer reports were reasonable as a matter of law.  *Lee*, 2003 U.S. LEXIS 17420 at *13; 56.1 ¶ 32.  "And that spells doom for [Plaintiff's] federal claims in *Rule 56* terms."  *Id.*

### C. The FCRA Does Not Require Experian to Repeat a Reinvestigation It Has Previously Conducted.

The FCRA does not mandate that credit reporting agencies reinvestigate every consumer dispute that they receive.  Specifically, the FCRA provides that:

> a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant.

15 U.S.C. § 1681i(a)(3).  In construing this provision, the Federal Trade Commission[3] ("FTC") comments that credit reporting agencies need not reinvestigate repetitive consumer disputes:

> [t]he agency is not required to repeat a reinvestigation that it has previously conducted simply because the consumer reiterates a dispute about the same item of information, unless the consumer provides additional evidence that the item is inaccurate or incomplete, or alleges changed circumstances.

FTC Commentary on the Fair Credit Reporting Act, 16 C.F.R. § 611.11 (1970).  Thus, when Experian receives a dispute that provides no additional information to a dispute Experian has previously reinvestigated, Experian need not conduct yet another reinvestigation.

On October 28, 2004 — the week after Experian mailed Plaintiff confirmation of its reinvestigation results from his first dispute — Experian received a telephone call purportedly from Plaintiff.  (56.1 ¶¶ 33-34.)  Plaintiff alleges that he told Experian that the IC System Account "was not mine" and that Experian "needed to take it off my credit report" during the October 28, 2004 telephone call, but he concedes that this second dispute provided no additional information concerning the IC System Account.  (56.1 ¶¶ 35-37.)  Because there was no "additional evidence that the item was inaccurate or incomplete," Experian was not required to repeat a reinvestigation for the IC System Account.  15 U.S.C. § 1681i(a)(3); 16 C.F.R. §611.11.

Therefore, the Court should grant summary judgment for Experian on Plaintiff's §§ 1681e(b) and 1681i(a) claims because (1) Experian's procedures were reasonable as a matter of law before September 21, 2004; (2) Experian's CDV/ACDV procedure to investigate Plaintiff's dispute was "statutorily sufficient" and reasonable "as a matter of law"; and (3) the FCRA did not require Experian to conduct additional, repetitive reinvestigations when Plaintiff failed to provide additional information relevant to his dispute.

---

[3] The Seventh Circuit has found FTC commentary persuasive in interpreting the FCRA.  *See Sarver*, 390 F.3d at 972 (quoting the FTC commentary to the FCRA).

## II.     Plaintiff Cannot Prove That He Suffered Any Recoverable Damages.

Plaintiff has not suffered any recoverable damages as a result of any alleged failure on Experian's part to maintain the required reasonable procedures. Plaintiff asserts that he has incurred damages relating to emotional distress and administrative costs. Because the record contains no competent evidence to support these essential elements of Plaintiff's claims, the Court should grant Experian summary judgment.

### A.     Plaintiff Was Never Denied Credit.

Although Plaintiff alleged in his Complaint that he was denied credit, Plaintiff conceded in his deposition that he was never denied credit. (56.1 ¶¶ 41, 43.) Also, Plaintiff alleges that his damages include "[d]ecreased credit score which may result in inability to obtain credit on future attempts." (56.1 ¶ 41.) Plaintiff, however, cannot recover for such damages, including lost credit opportunities, because any such damages are "too speculative." *See Casella*, 56 F.3d at 475; *see also Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1115 (D. Minn. 2004) (finding "lost economic opportunities" not recoverable under the FCRA). In fact, Plaintiff does not even allege any specific "future attempts" to obtain credit. Moreover, the IC System Account has been deleted entirely from Plaintiff's Experian consumer reports (56.1 ¶ 40), so Plaintiff's Experian credit score will not be impacted in the future by the IC System Account. Thus, Plaintiff has no past or future credit-related damages.

### B.     Plaintiff's Alleged Emotional Distress Damages Are Too Speculative To Be Recoverable Under The FCRA.

To recover for emotional distress under the FCRA, the Seventh Circuit requires a "high threshold for proof of damages for emotional distress." *Ruffin-Thompkins*, 422 F.3d at 610; *Sarver*, 390 F.3d at 971; *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001). In *Ruffin-Thompkins*, the Seventh Circuit rebuffed any argument that plaintiffs need not produce evidence of emotional damages with a high degree of specificity:

> This court has maintained a strict standard for a finding of emotional damage because they are so easy to manufacture. We require that when the injured party's own testimony is the only proof of emotional damages, she must explain the circumstances of her injury in reasonable detail; she cannot rely on mere conclusory statements.

*Ruffin-Thompkins*, 422 F.3d at 609 (citations and quotes omitted). The Seventh Circuit affirmed summary judgment on emotional damages because the plaintiff "simply does not raise any genuine issue of material fact on that point." *Id.* at 610; *see also Molina v. Experian Credit Info. Solutions*, No. 02 C 5561, 11 (N.D. Ill. Jan. 19, 2005) (dismissing plaintiff's emotional distress claims on summary judgment) (Ex. 13); *Wantz v. Experian Info. Solutions, Inc.*, No. 02 C 8224 (N.D. Ill. Jan. 5, 2004) (same) (Ex. 14); *Lee*, 2003 U.S. Dist. LEXIS 17420 (same); *Field v. Trans Union, LLC*, No. 01 C 6398, 2002 WL 849589 (N.D. Ill. May 3, 2002) (same) (Ex. 15).

Here, Plaintiff relies on the same types of conclusory statements rejected by the *Ruffin-Thompkins* court. The sole evidence describing Plaintiff's alleged emotional damages is his own testimony that his alleged emotional distress damages consist of "the difficulty of the [home mortgage loan] process," "the stress of providing for [his] family," "that it feels bad," "the stress on [his] wife and [his] relationship with [his] wife" and "stretching the budget."[4] (56.1 ¶ 44.) This certainly does not provide any ***reasonable*** detail as to his alleged emotional distress. Accordingly, Plaintiff's conclusory testimony is "the only proof of emotional damages."[5] Plaintiff's bare recitation of his alleged emotional damages is precisely the type of "proof" that

---

[4] Experian objects to Plaintiff's obvious attempts to sandbag responsive information. Experian's Interrogatory No. 14 clearly sought "all actual or emotional damages suffered by Plaintiff" to which Plaintiff merely responded, "[t]he inaccuracies on Plaintiff's credit report have made it difficult for Plaintiff to obtain a home mortgage loan." (56.1 ¶ 42.) Plaintiff's last-minute alleged emotional damages (*e.g.*, relationship stress and "stretching the budget") are untimely and should be excluded. *See Molina*, No. 02C 5561 at 11 (refusing to recognize damages that plaintiff failed to include in interrogatory responses). Regardless, these additional emotional damages are still not recoverable under the FCRA for the reasons stated above.

[5] In fact, these allegations do not even constitute damages. Plaintiff concedes that he and his family bought their house in December 2004 and that having Plaintiff's wife's name on the mortgage does not change anything about the way that Plaintiff and his family live in their house. (56.1 ¶ 45.)

the Seventh Circuit and Northern District of Illinois courts routinely find insufficient to survive summary judgment.[6] Plaintiff completely fails to meet the "high threshold for proof of damages for emotional distress," such that this Court should grant summary judgment on Plaintiff's claims for emotional damages. *Ruffin-Thompkins*, 422 F.3d at 610.

Additionally, where the record is devoid of medical evidence to support a plaintiff's emotional distress claims, courts routinely grant summary judgment for defendants. *Beckstrom v. Direct Merchant's Credit Card Bank*, No. 04-1351, 2005 WL 1869107, *5 (D. Minn. Aug. 5, 2005) (finding no emotional distress damages where plaintiff "offered no medical evidence to support his claims") (attached as Ex. 16); *Molina*, No. 02 C 5561 at 11 (finding no emotional distress damages where record consisted solely of deposition testimony). Because the record in this case is similarly void of such requisite evidence (56.1 ¶ 47), the Court should grant Experian summary judgment on Plaintiff's alleged emotional distress damages.

### C.     Plaintiff's "Out-of-Pocket Expenses" Are Not Recoverable.

Plaintiff also claims damages for "[o]ut of pocket expenses associated with disputing the information."[7] (56.1 ¶ 41.) Like Plaintiff's other alleged damages, these out-of-pocket costs are completely unsubstantiated in the record and came to light only in Plaintiff's deposition testimony. (56.1 ¶¶ 41-42, 48.) On that basis alone, they should be rejected. *Wantz v. Experian*

---

[6] Plaintiff's statements concerning "the difficulty of the [home mortgage loan] process," "the stress of providing for [his] family," "that it feels bad," "the stress on [his] wife and [his] relationship with [his] wife" and "stretching the budget" are similar to other alleged emotional distress damages that courts rejected. *See, e.g., Cousin*, 246 F.3d at 371 (no emotional damages because plaintiff's testimony that he felt "frustrated and irritated," "very upset, angry," and "like nobody was listening" was not sufficient to meet his burden of proving such damages with "a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award"); *Wantz*, No. 02 C 8224 at 6-7 (finding that plaintiff's claim that it is "mentally and emotionally distressful when dealing with credit reporting agencies" did not rise above the level of conclusory damages); *Field*, 2002 WL 849589 at *6 (plaintiff did not establish injury with claim that "[i]t has taken a tremendous amount of time and effort, humiliation, and frustration, a lot of bad emotion that went into fixing this").

[7] Again — *see* fn 4 *supra* — Plaintiff failed to identify these alleged "out-of-pocket" damages in response to Experian's Interrogatory No. 14 and sandbagged them for his deposition.

Case 1:05-cv-00817   Document 28   Filed 10/24/05   Page 12 of 16

*Info. Solutions*, 386 F.3d 829, 833 (7th Cir. 2004) (requiring that plaintiff prove FCRA damages with "competent evidence"); *Celotex*, 477 U.S. at 322-23.  Beyond that, it is clear that these "out-of-pocket" expenses were not "incurred enforcing the [FCRA]" and therefore are not recoverable.  *See Reed*, 321 F. Supp. 2d at 1115.

> **III.   Plaintiff Cannot Establish That Experian's Reporting of the IC System Account Caused Him Any Injury.**

To establish a claim for actual damages under the FCRA, Plaintiff bears the burden of proving "that he was damaged as a result of an allegedly inaccurate . . . credit report."  *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (affirming summary judgment for credit reporting agency because plaintiff could not prove damages caused by the agency).  To meet his burden, Plaintiff must do more than prove that inaccurate information appeared on his consumer report; he has the "affirmative duty" of proving "that allegedly inaccurate information on that report was the cause" of his alleged damages.  *Id*. at 1161; *see also Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (affirming grant of summary judgment because "[w]ithout a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages'").  That is, Plaintiff must prove that Experian's reporting of the IC System Account proximately caused his alleged emotional damages and out-of-pocket expenses.  Plaintiff cannot prove this requisite causation.

Plaintiff must prove that ***Experian's*** reporting of the IC System Account was the proximate cause of his alleged emotional distress damages, including "the difficulty of the [home mortgage loan] process."  Plaintiff concedes, however, that a different credit reporting agency — ***Equifax*** — was also reporting the IC System Account during the mortgage process.  (56.1 ¶¶ 51, 53, 55.)  Indeed, Equifax was reporting a total of ***three*** collection accounts on Plaintiff.  (56.1 ¶¶ 51, 53-55.)  Thus, Plaintiff has made no showing that Experian was the cause of his alleged

- 12 -

damages. Indeed, this Court observed that, when a plaintiff has other derogatory information in his credit file, those "credit blemishes, either singly or in combination, could well have accounted for any claimed inability on [plaintiff's] part to take advantage of credit opportunities." *Lee*, 2003 U.S. Dist. LEXIS at *16.

The same is true for Plaintiff's alleged "out-of-pocket" expenses. Plaintiff has adduced no evidence that Experian proximately caused these expenses, particularly those for credit reports from Trans Union or Equifax. To the contrary, Plaintiff concedes that he was not required to purchase online credit reports.[8] (56.1 ¶ 49.) Rather, "[n]othing *Experian* did could reasonably be said to have caused [Plaintiff] to order this report." *Molina*, No. 02 C 5561 at 16 (emphasis in original).

Because Plaintiff has made no showing that Experian's reporting of the IC System Account proximately caused his alleged damages and because there are numerous explanations for such damages (*e.g.*, the other derogatory accounts reported by Equifax), "no reasonable jury could conceivably find that a causal connection exists between the alleged statutory violation and any ensuing damages." *Lee,* 2003 U.S. Dist. LEXIS at *16-17.

**IV.     Plaintiff's § 1681i(c) Claims Fails.**

In his Complaint, Plaintiff also alleged a violation of § 1681i(c) for failure to include a dispute statement in Plaintiff's Experian credit file. (56.1 ¶ 13.) Plaintiff never requested that a consumer dispute statement regarding the IC System Account be added to his personal credit file. (56.1 ¶ 39.) Therefore, summary judgment as to Plaintiff's § 1681i(c) claim is appropriate. *Mirocha v. TRW, Inc.*, 805 F. Supp. 663, 670 (S.D. Ind. 1992) (granting summary judgment for defendant on plaintiffs' § 1681i(c) claim where plaintiffs conceded they never filed such a

---

[8] To the extent Plaintiff wanted a copy of his Experian, Trans Union or Equifax credit disclosure, he could have obtained one for free pursuant to the Fair and Accurate Credit Transactions Act of 2003. 15 U.S.C. § 1681j.

statement with the credit reporting agency); *Benson*, No. 04C 3860, 2005 U.S. Dist. LEXIS 18505 at *21-22.

### V. Plaintiff's Claims For Punitive Damages Fail As A Matter Of Law.

To recover punitive damages under the FCRA, Plaintiff must show that Experian maliciously or willfully failed to comply with the FCRA. 15 U.S.C. § 1681n. "To act willfully, a defendant must knowingly and intentionally violate [the FCRA], and it must also be conscious that [its] act impinges on the rights of others." *Ruffin-Thompkins*, 422 F.3d at 610; *Wantz*, 386 F.3d at 834. In the present case, there is no genuine issue of material fact because Plaintiff has adduced no evidence of willful or malicious conduct. Plaintiff's sole "evidence" of Experian's allegedly willful and wanton conduct is "its failure to provide an accurate report." (56.1 ¶ 56.) In reality, this is not evidence that Experian acted with knowledge or reckless disregard for the truth or falsity of any information on Plaintiff's credit report. Quite the contrary, Experian followed reasonable procedures and reinvestigated Plaintiff's dispute. (56.1 ¶¶ 31, 38.) Courts have held that such conduct proves that the defendant has been neither malicious nor demonstrative of a willful intent to injure the plaintiff. *See, e.g., Cousin*, 246 F.3d at 373-75; *Zahran v. Transunion Corp.*, No. Civ. 01C1700, 2003 U.S. Dist. LEXIS 5089, *22-23 (N.D. Ill. March 31, 2003) (attached as Ex. 17).

Because Plaintiff has not and cannot show such willfulness, Plaintiff's claim fails. Experian neither knowingly misrepresented nor concealed Plaintiff's consumer report from him. *Cousin*, 246 F.3d at 372. Simply, Experian "did not engage in willful misrepresentations and concealment, or hinder [the plaintiff's] attempts to correct [his] credit report." *Field*, 2002 WL 849589, at *7. Accordingly, Plaintiff's claim for punitive damages should be dismissed.[9]

---

[9] Because Plaintiff cannot prove Experian willfully violated the FCRA, Plaintiff's claims for statutory damages also fail. *Sarver*, 299 F. Supp. 2d at 971; *Wantz*, 386 F.3d at 834.

## CONCLUSION

For each of the foregoing reasons, Experian respectfully requests that this Court enter summary judgement in its favor on each of Plaintiff's claims and dismiss this case in its entirety with prejudice.

Dated: October 24, 2005     Respectfully submitted,

s/ John M. Wright
John M. Wright
Bar Registration No: 6278746
jwright@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Fax: (312) 782-8585

Counsel for Defendant
Experian Information Solutions, Inc.

## CERTIFICATE OF SERVICE

    I, John M. Wright, an attorney, certify that on October 24, 2005 I electronically filed the foregoing **Defendant Experian Information Solutions, Inc.'s Memorandum in Support of Its Motion For Summary Judgment** with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the above document to the following non CM/ECF participant:

    Larry Smith, Esq.
    Krohn & Moss, Ltd.
    120 W. Madison St., 10th Floor
    Chicago, IL 60602

                                                                             s/ John M. Wright
                                                                             John M. Wright