**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH LAMAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 0817 |
| | ) | Judge Shadur |
| EXPERIAN INFORMATION SYSTEMS, | ) | Mag Judge Ashman |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT
OF MATERIAL FACTS AND PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS PURSUANT TO RULE 56.1**

**I.    RESPONSE TO STATEMENT OF FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Plaintiff denies that Experian does not create credit information. See Plaintiff's Statement of Additional Facts (SAF) 4 and 6 leaving the inference that the matching of information that causes data to appear on the wrong person's credit file is the creation of credit information for that consumer who does not actually own the account. Plaintiff admits the remaining allegations.

7. Admitted.

8. Admitted.

9. Admitted.

1

10. Denied – See Plaintiff's SAF 4 through 7 and 26.

11. Denied – See Plaintiff's SAF 4 through 7 and 26.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.  See Plaintiff's statement of Facts 2-4, 6 and 7.

17. Admitted.

18. Admitted, and see Plaintiff's SAF 15.

19. Admitted.

20. Admitted.

21. Admitted, and see Plaintiff's SAF 14 (wherein it is pointed out that Experian is not sure if this account belongs to the Plaintiff, Kenneth Lamar, and acknowledges that this account may belong to a different person of the same name who lives in Fall River, MA.  Exhibit D, pp. 20, 23.

22. Admitted.

23. Admitted, and see Plaintiff's SAF #5.

24. Admitted, but see Plaintiff's SAF#28.

25. Admitted, but see Plaintiff's SAF#28.

26. Denied.  See Plaintiff's SAF#29

27. Admitted.

28. Denied.  See Plaintiff's SAF #8.

29. Admitted.

30. Admitted.

31. Denied.  See Plaintiff's SAF #'s 3, 4, 5, 7, 9, 14, 26, 27, 29.

32. Admitted that Experian modified the account according to information provided by IC Systems, but denies to the extent that it is urged by this statement that this modification was the only task required by Experian in discharging its duties under the Fair Credit Reporting Act, in light of the ACDV response from IC Systems.  See Plaintiff's SAF# 11 through 17.

33. Admitted.

34. Admitted.

35. Admitted.

36. Denied.  See Plaintiff's SAF#8.

37. Admitted.

38. Plaintiff objects to this as it is not a statement of fact, but legal opinion.  To the extent that this allegation can be read as a statement of fact, denied.  See Plaintiff's Statement of Facts 1 through 23.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Denied.  See Plaintiff's SAF#18, 19.

44. Admitted.

45. Admitted.

46. Admitted.

47.     Admitted.

48.     Denied to the extent that paying for a mortgage for a home for your family in which one has no legal claim to the property or home is not an out of pocket loss to that person at this time.  See Plaintiff's SAF#18, 19

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted, but see Plaintiff's SAF #19.

56.     Plaintiff Objects to this as it is not a statement of fact, but legal opinion.  To the extent that this allegation can be read as a statement of fact, denied.  See Plaintiff's Statement of Facts 1 through 29.

**II.     STATEMENT OF ADDITIONAL FACTS:**

1.      Kenneth Lamar was born in the Chicago area, went to four years of college in Nebraska, and then moved to California where he has resided for over seven (7) years.  He has never lived in Massachusetts for any period of time.  Deposition of Kenneth Lamar, attached hereto as Exhibit C, pp. 16-18

2.      There was reported on Plaintiff's credit file with Experian an address of 649 County Street #2, Fall River, Massachusetts.  See Deposition of David Browne, attached hereto as Exhibit A, pp. 13, 19[1].

---

[1] The deposition of David Browne, Exhibit A to Plaintiff's Response to Defendant's Motion for Summary

3.      On April 24, 2000, that address was removed from Plaintiff's credit file pursuant to Plaintiff's dispute.  Exhibit  A, p. 34.

4.      That address reappeared on Plaintiff's credit file on August 31, 2001 when a subscriber of Experian transmitted it.  This time, the same address of 649 County Street in Fall River, MA appeared on Plaintiff's credit file with Experian, but without the apartment number. The reason why this address reappeared on Plaintiff's credit file was because it was reported without the "#2" apartment number that appeared with the street number in the past.  Experian's system reads the addition or removal of an apartment or unit number as a completely new address and allows it to bypass the suppression system in  place. Exhibit A, pp. 13, 19, 34, 69.

5.       According to Experian, another Fall River, MA address on Stetson Street was reported by Nelnet, an education finance company.  Exhibit A, p.71.  However, Nelnet's documents produced reflect that they do not have any address for Plaintiff in Massachusetts.  See Exhibit B.

6.      In order for data coming in from a subscriber to attach to a person's credit report, a minimum of the name and address must match to a consumer in the system.  Exhibit A, p. 9.  Thus, the account from I.C. Systems came onto Plaintiff's account because it contained the name "Ken Lamar" and an address in Fall River, MA that appeared in Plaintiff's credit file because, Experian alleges, Nelnet put it there.  Exhibit A, pp.8, 9, 54-55, 59.

7.      When the IC System's account was reported, it was reported without a social security number or date of birth.  It was only reported with the name "Ken Lamar" and an address on Stetson Street in Fall River, MA.  Exhibit A, pp. 70-71.

---

Judgment, is filed under seal pursuant to the Protective Order entered on April 26, 2005.

8.      In October of 2004, Plaintiff, Kenneth Lamar, issued a dispute to Experian.  In that dispute, he disputed an address in Fall River, MA.  Exhibit A, p. 100.  Experian did not record the exact language of Lamar's dispute aside from the fact that he disputed the address.  Exhibit A, p. 101.  According to Lamar, when he disputed in September of 2004, he disputed addresses in Massachusetts saying that he never lived in the state of Massachusetts.  Exhibit C, p. 48.

9.      As a result of his dispute, Experian suppressed only one of the two Fall River, MA addresses from his credit report without contacting any third parties.  Exhibit A, p. 102.  However, despite being convinced at that time that Plaintiff never resided in Fall River, MA, Experian did not remove any accounts that attached to Plaintiff's credit report because of that address.  Exhibit A, pp. 102-103

10.     In September of 2004, Plaintiff also disputed that the IC Systems account did not belong to him.  See Deposition of Kimberly Hughes, attached hereto as Exhibit D, pp. 10-12.

11.     In his dispute, Lamar provided his full name, his current address in Paso Robles, California, his previous address, also in Paso Robles, California, and another previous address prior to that in Glendale, California.  Further, Lamar provided his social security number and date of birth to Experian.  Exhibit D, pp. 13-14.  See also Exhibit D, 1 – attachment to Hughes Deposition – the Automated Consumer Dispute Verification Form (ACDV).   This information was placed onto an ACDV and shipped to IC Systems for response. Exhibit D,  pp. 15-17.

12.     IC Systems responded to Experian by stating that they did not have the full name of Kenneth Ray Lamar in their records, but only the name Kenneth Lamar.  The current

6

address that IC Systems had was that of Stetson Street in Fall River, MA.  IC Systems did not have any of the current or previous addresses in California that actually belonged to Plaintiff and which Plaintiff provided as identification to Experian.  Exhibit D, pp. 24-25

13. IC Systems was collecting an account for a medical facility, however, they did not possess any social security number or date of birth of this patient in their records nor does it appear that they searched for it in order to match with the ones provided by Lamar.  Exhibit D, p. 19.

14. Experian is not sure that this account belongs to the Plaintiff, Kenneth Lamar and acknowledges that this account may belong to a different person of the same name who lives in Fall River, MA.  Exhibit D, p. 20, 23.  Furthermore, Experian has the ability and sometimes does conduct telephone verifications when receiving back ACDV's, Exhibit D, p. 29, and could have called Lamar to check on whether he ever resided in Fall River, MA.  Exhibit D, p. 26-27.  However, they never made any such call to him. Exhibit D, p. 29.

15. The message on the ACDV that was sent to IC systems said "Not his/hers. Provide Complete ID."  Yet the response that came back from IC Systems was not a "complete ID" as the only item that matched with that of the Plaintiff was the name.  See ACDV marked as Exhibit to Hughes Deposition, Exhibit D.

16. Experian is aware that IC Systems uses credit reporting as a means of collecting debts, and Experian is aware that IC Systems has an interest in continuing to report an account they are collecting on a credit report.  Exhibit A, p. 98

17. Experian is aware of the negative impact that a collection account will have on a person's credit report.  Exhibit A, p. 109.  Yet, despite the fact that Experian admits that

7

this collection may belong to another person who lives on the other side of the country, Exhibit D, pp. 20, 23, Experian kept this information on Plaintiff's credit file because IC Systems did not specifically order a deletion of the trade line. Exhibit A, p. 97.

18.   After Experian deleted the Fall River, MA addresses from Plaintiff's credit report, but continued to report the collection account, Plaintiff and his wife sought to purchase a new home. Exhibit C, pp. 59, 60.

19.   Gencal was unable to get financing for the purchase of Plaintiff's home. It was instead put in Lamar's wife's name only. See Exhibit E. Gencal stated that the reason was "due to his credit score." Exhibit E

20.   Gencal received Lamar's credit report from the Credit Bureau of San Luis Obispo. See Exhibit F.

21.   The Credit Bureau gave a report of November 22, 2004 which post dates Plaintiff's disputes to Experian. Exhibit F, p. 8.

22.   The November 22, 2004 report listed a credit score and the main factors involved in its calculation. Exhibit F, p. 16. The top factor listed is "collection or public record." Exhibit F. p. 18.

23.   Lamar has no public records reported against him on his credit reports. He only has one collection, that of IC Systems. Exhibit F, pp. 9, 14, 16, 17, 19.

24.   Plaintiff has no other derogatory information on his credit report. There are no delinquencies, no charge offs and no past due balances. Exhibit F, p. 17.

25.   The collection of IC Systems is only being reported by Experian. No other credit reporting agency is reporting this account. Exhibit F, p. 5 and 17.

26.   The Declaration of Kim Hughes attached to Defendant's motion, paragraph 5,

claims that information is subject to "rigorous quality control" procedures. However, nowhere in that declaration or anything else produced by Experian does Ms. Hughes state what those procedures are. In fact, though Hughes statement indicates that the data goes through "checks designed to prevent errors," she does not in any way describe what any of these "checks" are nor does she explain how they prevent errors. Hughes only makes general blanket statements about procedures in place, but no procedure is specifically identified. See Defendant's Exhibit 2 paragraphs 5 and 6.

27. Not only was each address in Fall River, MA deleted promptly upon each of Plaintiff's address dispute, See Exhibit A, pp 34, 69, 102, but at the same time that the Fall River addresses appeared on Plaintiff's credit file, the majority of Plaintiff's actual creditors were reporting Plaintiff's actual addresses in California. Exhibit A, pp. 56-57. Experian did not concern itself with the fact that Lamar supposedly has two addresses in vastly different parts of the country at the same time. Exhibit A, p. 73. This, despite the fact that Experian can see in their system not only how, but when a particular address became part of a consumer's credit file. Exhibit A, pp. 13, 19.

28. The Exhibit attached to and discussed at David Browne's dep has been designated as confidential and is filed under seal. It is not a document Experian provides to consumers wishing to see their credit file. Exhibit A, p. 7. This document demonstrates how a particular address got reported on a consumer's credit report, and who provided that address. Exhibit A, pp. 13, 14. The consumer disclosure, attached to Experian's motion as Exhibit 6, does not demonstrate the same information – that is, what company was reporting which address. Lamar would not know to dispute an address if he did not know it was being reported and would have no reason to dispute it. Exhibit D, pp. 27-28.

29.     Nelnet was reporting six accounts, and of those six, two were reporting the correct address for Lamar in California. The other four appear in Experian's system to have been reported to the Stetson St., Fall River address. The most recent reporting of all of the accounts was reported to the Paso Robles, CA address. Exhibit A, pp. 76-77.

                      Respectfully Submitted,
                      **KENNETH LAMAR**,


                      By:_____
                           Larry P. Smith

Larry P. Smith & Associates, Ltd.
Attorneys for Plaintiff
205 N. Michigan Ave, Suite 4000
Chicago, IL 60601
(312) 222-9028 (ph)
(312) 602-3911 (fax)
lsmith@lpsmithlaw.com (e-mail)