IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH LAMAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 0817 ) Judge Shadur |
| EXPERIAN INFORMATION SYSTEMS, | ) Mag Judge Ashman ) |
| Defendant. | ) |

**AFFIDAVIT**

I, Jill Warner, being first duly sworn on oath, state as follows:
(print name)

1. That I am the Keeper of Records for Nelnet, Inc.

2. That as the Keeper of Records, I have personal knowledge of the contents of any records in my possession or someone with personal knowledge of the record's contents transmitted the information to me.

3. That my response pursuant to Plaintiff's Subpoena For Deposition contains any and all documents in my entire file pertaining to Plaintiff, Mr. Kenneth Lamar, of PO Box 4820, Paso Robles CA 93447 and/or Account Number 3228023****, and/or Account Number 0234903, and/or Account Number 0234904, and/or Account number 0234905, and/or Account Number 0239406, and/or Account Number 7226401, and/or Account Number 7226402, and/or Account Number 7226403, and/or Account Number 7226404, and/or Account Number 7226405, and/or Account Number 7226406, and/or Account Number 7226407, and/or Account Number 7226408, and/or Account Number 7226409, in my possession or control.

4. That all of the aforementioned documents, records, reports, memorandum, or data compilation were kept in the course of regularly conducted business activity.

5. That my response contains photostatic copies of documents that have not been altered or changed in any way during my custody of said documents.

6. That the Response to Plaintiff's Subpoena For Deposition pursuant to the Federal Rules of Civil Procedure is complete in accordance with Plaintiff's request.

FURTHER AFFIANT SAYETH NOT.

_Jill Warner_
Keeper of Records, Nelnet, Inc.

SUBSCRIBED AND SWORN to before me
this 30 day of MARCH, 2005

_____
NOTARY PUBLIC

Commission expires: 10-24-2005

```
*************************
*  JACK A. SIMMONS      *
*    NOTARY PUBLIC      *
*   STATE OF COLORADO   *
*************************
```

# Consolidation Loan
### Disclosure Statement / Repayment Schedule

| | |
|---|---|
| 1a. Date of Disclosure | 01/13/99 |
| 1b. Consolidation Loan Account Number | 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 |

This document is your repayment schedule, which is referred to in the Application/Promissory Note you signed for your Consolidation Loan. You must repay your loan in compliance with this schedule unless your lender agrees to other repayment terms. You have the right to prepay all or part of this loan at any time without penalty. If you wish to repay your loan over a shorter period of time, you must contact your lender to make arrangements. Actual repayment must start within 60 days of the date that all outstanding loans consolidated were discharged. This document will become an attachment to, and a part of, your Consolidation Loan Application/Promissory Note. You should check the information thoroughly and notify your consolidating lender immediately if there are any discrepancies with your records.

## 2. Borrower
- Social Security Number: 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
- Name: KENNETH LAMAR
- Address: 1306 N COLUMBUS AVE #306
- City, State, Zip: GLENDALE, CA 91202-0000

## 3. Consolidating Lender
- Lender Code: 833500
- Servicer Code: _____
- Name: NEBHELP, INC.
- Address: C/O UNIPAC SERVICE CORPORATION P.O. BOX 82525
- City, State, Zip: LINCOLN, NE 68501-2525

## 4. ITEMIZATION OF LOANS CONSOLIDATED

| Name of Former Lender | Lender Code | Type of Loan | Interest Rate % | Funds Paid to Former Lender |
|---|---|---|---|---|
| NEBHELP, INC. | 833500 | SS | 8.250 | $ 9,134.16 |
| NEBHELP, INC. | 833500 | US | 8.250 | $ 5,080.18 |
| NEBHELP, INC. | 833500 | SS | 8.250 | $ 5,581.99 |
| EFS SERVICES | 853495 | SS | 8.250 | $ 2,700.94 |
| EFS SERVICES | 853495 | US | 8.250 | $ 5,252.18 |
| | | | | $ |
| | | | | $ |
| | | | | $ |

| | |
|---|---|
| 5. Total Loan Amount | $ 27,749.45 |
| 6. Consolidation Loan Disbursement Date (Month/Day/Year) | 01/13/99 |
| 7. New Borrower on/after July 1, 1993 | ☐ Yes  ☒ No |

8. Your SLS/ALAS loans were refinanced at _____ % prior to being consolidated.

## 9. REPAYMENT SCHEDULE

| 9a. Date Interest Begins To Accrue (Same as Disbursement Date, Item 6) | 9b. Annual Interest Rate Of Your Loan | 9c. Accrued Interest To Be Capitalized | 9d. Principal Amount (Including Capitalized Interest) | 9e. Estimated Total Interest Charges# |
|---|---|---|---|---|
| 01/13/99 | 8.250 % | $ N/A | $ 27,749.45 | $ 29,278.45 |

#The actual interest charges will depend upon the timely payment of amounts owed and the use of deferment and/or forbearance provisions of the Consolidation Loan Program. Repayment of the loan will be in monthly installments, on the same day of each month, according to the following schedule.

| 10. Total Number of Payments | 11. First Payment Due Date Month/Day/Year | Must be within 60 days of Disbursement Date, Item 6 | 12. ☒ Level Payment (Check one) ☐ Graduated Payment ☐ Income-Sensitive Payment |
|---|---|---|---|
| 240 | 03/04/99 | | |

| No. of Payments | Payment Amount | Beginning | No. of Payments | Payment Amount | Beginning |
|---|---|---|---|---|---|
| 239 | $ 237.58 | 03/04/99 | 1 | $ 246.28 | 02/04/19 |
| | $ | | | $ | |
| | $ | | | $ | |
| | $ | | | $ | |
| | $ | | | $ | |

Late Charge: If a payment is more than 10 days late, you may be charged an additional 6% of the payment amount.

13. If you have supplied your lender with documentation that entitles you to an immediate deferment of the principal amount of this loan, the interest during the deferment:

☐ must be paid in _____ payments of $ _____ each that are due _____ ;
Example: Interest during deferment must be paid in monthly payments of $40.00 each that are due on the first of every month.

☒ will accrue and be added to the principal amount of the loans (capitalized) in accordance with the laws and regulations governing the Consolidation Loan Program.

**NSLP** Nebraska Student Loan Program, Inc.

Consolidation (11-9011 C2)

# Consolidation Loan
## Application / Promissory Note

UNIPAC
NOV 10 1998

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097(a).

### BORROWER INFORMATION

| | | |
|---|---|---|
| 1a Name (Last, First, MI): Kenneth Ray Lamar | 2. Social security number: 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 | 3. When were you born? Mo. 04 Day 23 Yr. 1976 |
| 1b Street address: 1306 N. Columbus Ave Apt. 306 | 4a Phone number (day): (818) 242-4888 | 4b Phone number (night): (818) 246-4541 |
| 1c City/State/Zip: Glendale, CA 91202 | 5a Driver license number: B937437S | 5b State of Issue: CA |

### REFERENCES

| 6a Name: Sue Lamar | 6b Name: Charles Lamar | 6c Name: Mike Betick |
|---|---|---|
| Address: 26220 N Maple Ave | Address: 365. Pankey Rd | Address: 1528 N. Columbus Ave. |
| City/State/Zip: Mundelein IL 60060 | City/State/Zip: Carrier Mills, IL 62901 | City/State/Zip: Glendale, CA 91202 |
| Phone: (847) 949-6809 | Phone: (618) 994-4418 | Phone: (818) 500-0518 |

### REPAYMENT SCHEDULE / EMPLOYER INFORMATION

7. Repayment schedule I prefer (check one):
   - [X] Level Payment Schedule
   - [ ] Graduated Payment Schedule

8a. Employer name and address: Robert Hall + Associates 300 W. Glenoaks Blvd
8b. City/State/Zip: Glendale, CA 91202
9. Employer's phone: (818) 242-4888
10. Current annual gross income: $35,000

### STUDENT LOAN INFORMATION

| 11a Loans I wish to consolidate LENDER NAME/CITY/STATE | 11b ACCOUNT NUMBER | 11c TYPE OF LOAN (GSL, Perkins/NDSL, etc.) | 11d INTEREST RATE % | 11e LOAN PERIOD BEGIN (mn/yr) | 11f CURRENT BALANCE (Principal & Interest) |
|---|---|---|---|---|---|
| A N-HELP INC. Lincoln, NE | 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 | GSL | 7.66 | 8/22/96 | 13,533.90 |
| B NebHelp Inc. Lincoln, NE | 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 | GSL | 7.66 | 8/27/97 | 5,500.00 |
| C EFS Indianapolis, IN | | Stafford | 8.25 | 8/22/94 | 6622.25 |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| | | | | TOTAL CURRENT BALANCE FOR ITEM 11 | $25,656.15 |

| 12a. Other loans which I owe, but do not wish to consolidate LENDER NAME/CITY/STATE | 12b ACCOUNT NUMBER | 12c TYPE OF LOAN | 12d INTEREST RATE % | 12e DISBURSEMENT DATE (mo/yr) | 12f CURRENT BALANCE (Principal & Interest) |
|---|---|---|---|---|---|
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| | | | (Additional Amount for Repayment Term) | TOTAL CURRENT BALANCE FOR ITEM 12 | $ |

13. PROMISE TO PAY: I promise to pay to the order of the lender named below such loan amount as is advanced on my behalf, plus simple interest on the unpaid principal balance at the rate described on the reverse side of this note. I will pay such amount in accordance with the Disclosure Statement and Repayment Schedule which will be furnished to me at the time my present obligations are discharged. I understand that the amount of my loan will be based on the amount needed to pay off the balances on the loans I am consolidating, as verified by my present lenders. I also understand that this loan amount may be different from my estimate of the current balances. Should overpayment of my present loans occur, I authorize the holders of those loans to pay the consolidating lender any refund which may be owed to me. Such refund will be applied to the principal balance of my consolidation loan.

BORROWER'S CERTIFICATION: By signing below, I certify to the following: (1) The information in this application is true and correct to the best of my knowledge and is made in good faith; (2) I am in repayment or in a grace period preceding repayment and am not more than ninety (90) days delinquent on any of my loans being consolidated and I am not in default on any of my loans listed above; (3) I have no other application pending for a consolidation loan with any other lender and, if the lender named below does not hold one of the loans I am consolidating, I have sought and have been unable to obtain a consolidation loan from the holder(s) of those loans; (4) I have read the information provided to me about the Loan Consolidation program and I understand my responsibilities.

NOTICE: DO NOT SIGN THIS NOTE BEFORE YOU HAVE READ ALL OF ITS PROVISIONS, INCLUDING THOSE ON THE REVERSE SIDE. YOU ARE ENTITLED TO AN EXACT COPY OF THIS NOTE.

14. Signature of borrower (Application/Promissory Note cannot be processed without signature)
X [signature]
Date borrower signed: Mo 11 Day 16 Yr 98

15. Consolidating Lender Name/Address: NEBHELP, INC.
City/State/Zip: LINCOLN, NE 68508
Lender Code: 833500

**NSLP**
1300 "O" Street / P.O. Box 82507
Lincoln, NE 68501-2507

Consolidation (9-97)
9011 CAPN

CONSOLIDATING LENDER COPY

# CONSOLIDATION LOAN PROMISSORY NOTE

## A. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through the Nebraska Student Loan Program, Inc. and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with Title IV, Part B of the Higher Education Act of 1965, as amended, (the "Act"), federal regulation adopted under the Act, and the Rules and Regulations of NSLP. To the extent not governed by federal law this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## B. DISCLOSURE STATEMENT AND REPAYMENT SCHEDULE
I understand that I will receive a Disclosure Statement and Repayment Schedule which will identify my actual Loan Amount (as determined by the lender), interest rate, fee amounts, due dates and itemization of loans consolidated. This will be provided to me at the time my present creditors have discharged my obligations on the loans selected for consolidation. If, after receiving my Disclosure Statement and Repayment Schedule I have any questions concerning the information contained in this Note, I will contact the lender. If the information on the Disclosure Statement conflicts with the Application/Promissory Note, the Disclosure Statement and Repayment Schedule shall be controlling.

## C. INTEREST
Subject to a change in federal law, this loan will bear interest at an annual rate which is fixed for the term of the loan. If all the loans I am consolidating bear interest at a rate of 9% or less, the interest rate on this loan will be 9% per annum, otherwise, the interest rate on this loan will be the weighted average of the interest rates of all the loans consolidated, rounded to the nearest whole percent. If any of the loans to be consolidated are SLS/ALAS loans, those loans will first be refinanced at the rate determined by the Secretary of Education under the Act for such refinancing, if that rate is lower than my current fixed rate, and then be immediately consolidated into this loan. I understand that I will not receive any separate documentation evidencing the refinancing of my SLS/ALAS loans.

## D. FEES
I will not be charged a fee for my consolidated loan unless authorized by law.

## E. REPAYMENT
By law, the repayment period on this loan begins when the loan is disbursed. The first payment is due within 60 days of disbursement, except that I may be entitled to deferment of principal until a later date, as explained in Section H. I will be responsible for payment of the interest that accrues on this loan. Payment will be made in monthly installments in accordance with the Disclosure Statement and Repayment Schedule which will be provided to me at the time my present creditors have discharged my obligations on the loans selected for consolidation. The total length of the repayment period will depend on the total amount of loans consolidated and my other eligible debts which may be taken into consideration, as provided for in the Act. If I qualify for any deferment of principal as described in Section H or if the lender grants any modification of repayment terms as described in Section I, I understand that those periods will not be included in the repayment period. I understand that, in accordance with the Act, my obligation to repay this loan will be canceled if I become totally and permanently disabled or die.

## F. ACCELERATION OF LOAN BALANCES
The purpose of this loan is to discharge the loans I have selected in my application for consolidation. I understand and agree that, in the event that the amount advanced by the lender is insufficient to completely discharge any loan selected for consolidation, the owner of that loan shall have the right to accelerate the remaining balance due and make immediate demand on me for full payment.

## G. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of the Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## H. DEFERMENT
I understand that in certain instances authorized by the Act the payments I am required to make under Section E may be deferred. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulation of NSLP, including, without limitation, submission of required forms to the lender.

The instances authorized for deferment of repayment of the principal, subject to change by regulatory action, are as follows:
1) Full-time study at a participating school unless I am not a national of the United States and am studying at a school not located in the United States.
2) Half-time study at a participating school unless I am not a national of the United States and am studying at a school not located in the United States, if I obtain a GSL or SLS loan for that period of enrollment.
3) Full time study under an eligible graduate fellowship program.
4) Full time participation in an approved rehabilitation training program for disabled individuals.
5) Up to three years during which I am temporarily totally disabled or during which I am unable to secure employment because I am caring for a spouse or other dependent who is temporarily totally disabled (as established by a sworn affidavit of a qualified physician).
6) Up to 24 months during which I am conscientiously seeking but unable to find full-time employment in the United States.

Such other instances as added or modified by amendment to the Higher Education Act of 1965, other acts of Congress or action by the Department of Education.

## I. FORBEARANCE
If I am unable to repay this loan in accordance with the terms established in my Disclosure Statement and Repayment Schedule, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulation of NSLP. I understand that a forbearance under that section is different form a deferment under Section G.

## J. DEFAULT AND ACCELERATION
1) Definition
I understand that under the Act, and Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 day for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than payment in full of existing student loans;
d. not notifying the lender immediately if I change my name or my address.
2) Consequences of Default
If I default on this loan-
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b. The lender, holder or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Loans for Students (SLS), or PLUS Loans.
d. I will be ineligible for the benefits described in Section H above;
e. I will also pay all charges and other costs including attorney's fees that are permitted by federal law and regulation for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date; and
f. The lender may assign this Note to NSLP. I will then be required to pay all amounts owed.

## K. EFFECT OF RECEIPT OF THIS LOAN
I understand that my status as an eligible borrower under any loan consolidation program under §428C of the Act terminates upon my receipt of this loan, except with respect to any other eligible loans which I receive after the disbursement of this loan.

## L. LATE CHARGE
If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Section H in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

## M. CREDIT BUREAU NOTIFICATION
Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## N. AUTHORIZATIONS
I further authorize any school that I may attend, my lender, any subsequent holder, or NSLP, to release to the lending institution(s) subsequent holder(s), U.S. Department of Education, NSLP, or their agents and to redisclose to other educational institutions for any purpose permitted by law, any information (e.g. employment, enrollment status, current address, and other aspects of my student loan borrowing history) requested by such persons pertinent to this loan. I authorize the lending institution to perform a credit examination on me if required by the lender in order to originate my loan. I also authorize the lender, subsequent holder, their agent, the educational institution, or NSLP to make inquiries to or respond to inquiries from my parents or prior or subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, NSLP or their agents to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number.